**UNITED STATES of America**

v.

**James J. TREACY, Defendant.**

**No. S2 08 CR 366(JSR).**

United States District Court, S.D. New York.

March 23, 2009.

Slade R. Metcalf, Esq., Rachel Fan Stern Strom, Esq., Hogan & Hartson L.L.P., New York, NY, for Movant Charles Forelle.

Deirdre Ann McEvoy, Esq., Joshua Aaron Goldberg, Esq., U.S. Attorney's Office, New York, NY, for United States.

Evan T. Barr, Esq., Reid Weingarten, Esq., Steptoe & Johnson, LLP, New York, NY, for Defendant, James Treacy.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

On November 27, 2008, the Government served a subpoena *ad testificandum* on non-party Charles Forelle, a reporter for the *Wall Street Journal,* seeking to compel Forelle to testify at trial as to the fact that the defendant had made certain statements to Forelle that were subsequently reported in a *Wall Street Journal* article published on June 12, 2006. The statements, according to the Government, are relevant to the instant litigation because, *inter alia,* they allegedly are fabrications made in furtherance of defendant's conspiracy to commit securities fraud, as well as evidencing defendant's consciousness of guilt and his intimate knowledge of the stock options process. On December 18, 2008, Forelle moved to quash the subpoena, arguing that it seeks information that

is protected by the journalist's privilege. After hearing oral argument on Forelle's motion, the Court directed the Government to submit to the Court its proposed direct examination questions (or approximations thereof). Defense counsel, in turn, submitted proposed cross-examination questions, and all parties, including Forelle, submitted supplemental letter briefs concerning the scope and propriety of all of the proposed questions. Upon consideration, Forelle's motion is denied, but the Court will tightly limit the scope of Forelle's testimony.

■■■ The journalist's privilege protects information that is "sought, gathered, or received [with the intent] to disseminate information to the public," *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987), and applies to both confidential and non-confidential information, *id.* at 143–44, as well as to both published and unpublished information. *United States v. Markiewicz*, 732 F.Supp. 316, 319 (N.D.N.Y. 1990). The privilege, however, may be overcome where there is a countervailing interest in compelling a journalist to testify at trial. *See, e.g., New York Times Co. v. Gonzales*, 459 F.3d 160, 169 (2d Cir. 2006). In considering whether to override a journalist's claim of privilege, courts look to the relevance of the information sought, as well as to the ability of the subpoenaing party to obtain the information from another source. *Id.; see Gonzales v. NBC*, 194 F.3d 29, 36 (2d Cir.1998). The Second Circuit has also emphasized that "where nonconfidential information is at stake, the showing needed to overcome the [ ] privilege is less demanding than for material acquired in confidence." *Gonzales*, 194 F.3d at 30. Similarly, "where the protection of confidential sources is not involved, the nature of the press interest protected by the privilege is narrower." *Id.* at 36. The strength of the privilege is further diminished if the questions asked of the reporter are narrowly tailored. *Markiewicz*, 732 F.Supp. at 319.

In light of these principles, courts in this and other circuits routinely permit journalists to testify at trial where, as here, they are called solely to confirm statements that were made in a published newspaper article. *See, e.g., Markiewicz*, 732 F.Supp. at 317 (refusing to quash subpoenas that "merely [sought] to have the reporters testify that the defendants made the statements reported in the newspapers"); *SEC v. Seahawk Deep Ocean Tech.*, 166 F.R.D. 268, 269 (D.Conn.1996) (refusing to quash subpoena that had been issued "for only one purpose: to ask [the reporter] to verify that one of the defendants ... in fact made the statements [the reporter] attributed to him in a published newspaper article [the reporter] wrote"); *NLRB v. Mortensen*, 701 F.Supp. 244, 246 (D.D.C.1988) (enforcing subpoenas that "required the journalists to appear and verify the fact that they had conducted and reported correctly the three interviews"); *see also In re Waldholz*, No. 87 CIV. 4296, 1996 WL 389261, at *1 (S.D.N.Y. July 11, 1996) (enforcing subpoena where journalist was asked to testify that he typically reported interviews accurately); *United States v. Foote*, No. 00 CR 20091, 2002 WL 1822407, at *3 (D.Kan. Aug. 8, 2002) (refusing to quash subpoena that sought to have reporter confirm that "statements and/or quotes attributed to the Defendant that appeared in [ ] newspaper articles" written by the reporter were, in fact, statements made by the defendant).

■■ A similar conclusion is required here. The Government seeks limited testimony by Forelle to confirm that defendant made three statements that formed part of a published article. As noted, these statements are relevant, at a minimum, as statements made in furtherance of the alleged conspiracy and

false exculpatory statements evidencing consciousness of guilt, and may also prove admissible for other purposes. Since the defendant is privileged not to take the stand unless he so chooses, Forelle is the only available witness who can adduce this non-cumulative, admissible evidence, and the only person who can confirm that defendant actually made the statements that were attributed to him.

Defendant does not argue that the statements at issue here were not made, or even misreported. Rather, he argues that they were taken out of context. The context of defendant's statements, however, can be inquired into by simply asking Forelle what questions he posed to defendant that elicited the statements that were made. The broader focus proposed by defendant is irrelevant.

Thus, the Government will be limited to four essential inquiries: (1) In or around June 2006, was Forelle a reporter for the *Wall Street Journal?* (2) Did Forelle interview defendant during that time? (3) Did defendant make statements to Forelle that Forelle subsequently reported in a June 12, 2006 *Wall Street Journal* article? (4) With respect to each of those statements, what specifically did Forelle say to defendant and what specifically did defendant say in response? On cross-examination, defense counsel, within narrow confines, may further establish context by asking about questions posed by Forelle to defendant that immediately preceded the questions referred to above. None of these narrowly tailored inquiries offends the journalist's privilege in any material way. *Gonzales,* 194 F.3d at 36.

Accordingly, Forelle's motion to quash the subpoena served on him is denied, subject to the above limitations. The Clerk of the Court is directed to close document numbers 57, 82, and 87 on the Court's docket.

SO ORDERED.